UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CRAIG JOSEPH AUCOIN                                    CIVIL ACTION

VERSUS                                                            NO. 25-939

DOMINQUE BAIO, ET AL.                              SECTION "H"(3)

## REPORT AND RECOMMENDATION

The Terrebonne Parish Sheriff's Office has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state a claim.[1] The Court provided Aucoin with an opportunity to respond to the motion,[2] but the order, as well as other mail sent to him at his current address of record, was returned.[3] Having considered the memorandum, the record, and the applicable law, it is recommended that the motion to dismiss be granted.

## I.    Background

Craig Joseph Aucoin, who was a pretrial detainee housed in the Jerry L. Larpenter Criminal Justice Complex at the time of the allegations in his complaint, filed this *pro se* civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, and the Rehabilitation Act against defendants the Terrebonne

---

[1] R. Doc. 43.

[2] R. Doc. 46.

[3] R. Docs. 45, 47, and 48. Pursuant to Local Rule 11.1, Aucoin has a continuing obligation to "promptly to notify the court of any address or telephone number change." Aucoin acknowledged that responsibility when he signed his complaint. R. Doc. 4 at 5. He was reminded of that responsibility by order dated May 27, 2025. R. Doc. 6.

1

Parish Sheriff's Office ("TPSO"), Terrebonne Parish Consolidated Government, Sheriff Tim Soignet, Deputy Brendon Hebert, Deputy Brice Duthu, Deputy Collin Partin, Colonel Stephen Bergeron, Warden Rhonda Ledet, Lieutenant Brie Boudreaux, Lieutenant Samantha Bourgeois, Medical Administrator April Tomlin, Tina Authement, Kellie Gaudet, and Dominique Baio.[4] Aucoin challenges the conditions of his confinement and raises claims of conspiracy to violate his constitutional rights, deliberate indifference to his medical needs, retaliation, discrimination in violation of the ADA/RA, as well as various state law claims. All defendants, with the exception of the TPSO, have filed an answer.[5]

## II.    Standard of Law

In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to " 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a court's task is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe*

---

[4] Aucoin was convicted prior to the time he filed his complaint, R. Doc. 4-1 at 33, and was later transferred to a Louisiana Department of Corrections facility. R. Doc. 40.
[5] R. Docs. 12 and 30.

2

*ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)).

Still, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint is insufficient if it contains merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Courts make this determination based "only on 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'" *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). The court cannot consider evidence outside of the complaint on a motion to dismiss. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2002). Ultimately, courts reviewing motions under Rule 12(b)(6) must dismiss all claims for which the complaint's well-pleaded factual allegations fail to state a cognizable claim for which the defendant could reasonably be held responsible.

### III.    Analysis

The Terrebonne Parish Sheriff's Office asserts that Aucoin has failed to state a claim against it because it lacks legal status to be sued.[6] The TPSO specifically contends that it is not a "juridical person" under Louisiana law and lacks the capacity to be sued under Fed. R. Civ. P. 17(b) and state law.[7]

While Aucoin did not respond to the motion, he previously argued that he was required to name the TPSO as a defendant under the ADA/RA.[8] He, however, conceded that dismissal of the TPSO as a defendant would be appropriate as he had named defendant Sheriff Soignet and others in their official capacities.[9]

Aucoin is correct that "[s]uits under the ADA and Rehabilitation Act must be brought against a 'public entity as opposed to individuals." *Phillips Next Friend of J.H. v. Prator,* No. 20-30110, 2021 WL 3376524, at *2 n.2 (5th Cir. Aug. 3, 2021) (citing *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020) and *Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018)). A sheriff's office is a public entity within the meaning of Title II of the ADA. *Albright v. Sheriff's Dept. Rapides Parish,* No. 12-2117, 2014 WL 4702579, at *3 (W.D. La. Sept. 22, 2014).

Nevertheless, an entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). In Louisiana, an entity "must qualify as a juridical person" to be capable of being sued.

---

[6] R. Doc. 43 at 1; R. Doc. 43-1 at 1–3.
[7] *Id.* at 3–4.
[8] R. Doc. 35.
[9] *Id.* at 4–5.

*Harris v. Louisiana Office of Juvenile Justice*, No. 18-13356, 2019 WL 2617175, at \*2 (E.D. La. June 26, 2019) (citing *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2 Cir. 2006)). The Louisiana Civil Code defines a "juridical person" as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236, 238–39 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977); *Theriot v. Thibodeaux*, 403 So. 3d 1122, 1124 n. 3 (La. App. 1st Cir. 2024) (the Sheriff's Office cannot be a legal party to litigation). Thus, "under Louisiana law, 'a sheriff's office is not a legal entity capable of being sued.'" *Aucoin v. Terrebonne Parish Sheriff's Office*, No. 21-30322, 2022 WL 16657429, at \*1 (5th Cir. Nov. 3, 2022) (citing *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002)); *Hemphill v. Lopez*, No. 13-4768, 2015 WL 4168194, at \*3 (E.D. La. July 9, 2015) ("[u]nder Louisiana law, a sheriff's office, or police department, is a non-entity incapable of being sued.") (footnotes omitted)). As the TPSO is not a juridical person capable of being sued, all claims against it should be dismissed.

It is not necessary to allow Aucoin to amend his complaint to name a proper defendant as to his ADA/RA claims. A suit seeking to impose liability on the TPSO may only be brought against Sheriff Soignet in his official capacity.[10] *Albright*, 2014

---

[10] Louisiana sheriffs are juridical entities that can be sued. *Edmiston v. Louisiana Small Business Development Center*, 931 F.3d 403, 407 (5th Cir. 2019).

5

WL 4702579, at *5. As noted, Aucoin named Sheriff Soignet, the current Sheriff of TPSO, in his official capacity.[11]

**RECOMMENDATION**

It is **RECOMMENDED** that the Terrebonne Parish Sheriff's Office Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, R. Doc. 43, be **GRANTED**, and that all of Aucoin's claims against the Terrebonne Parish Sheriff's Office be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24th day of March, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[11] R. Doc. 4-1 at 39.